## Chrisman v. Ford.

(Decided February 3, 1922.)

### Appeal from Calloway Circuit Court.

1. Reformation of Instruments—Grounds for Reformation.—In a suit by the grantee to reform a deed by correcting an admittedly erroneous description of the land it should have been reformed so as to describe the entire boundary which the grantor intended to sell and the grantee agreed to buy, rather than only such portion thereof as was found, after the grantee had accepted the deed and taken possession of such boundary, to be included within the boundary as incorrectly described in a remote deed under which grantor claimed title thereto.

2. Vendor and Purchaser—Quantity of Land and Appurtenances.— Where the sale was in gross and not by the acre no recovery will be allowed for a shortage of less that ten per cent.

COLEMAN & LANCASTER for appellant.

THOMPSON & SPEIGHT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

On October 24, 1917, the appellant sold and with her husband conveyed to appellee by deed of general warranty two adjoining tracts of land described separately and containing as stated thirty acres and ten acres respectively for which appellee paid her $2,500.00.

Appellee took possession of the land and thereafter on July 10, 1918, instituted this action to recover of appellant the sum of $250.00 for an alleged shortage of four acres in the thirty acre tract, admitting that the smaller tract contained ten acres as stated. By an amended petition appellee alleged that the thirty acre tract was not correctly described and sought a reformation of the deed to correct this error, as well as a recovery of the alleged shortage in that tract. It was further alleged by appellee that his purchase was by the acre at $62.50 per acre and that the larger tract was represented and sold as containing thirty acres but contained when correctly described only twenty-six acres.

Appellant by her answer as amended admitted that the thirty acre tract was incorrectly described and asked that the deed be reformed so as to correctly describe that tract, but she denied that when so described there was a shortage of four acres or as much as ten per cent or that the sale was by the acre, and alleged that the sale was of the entire forty acres in gross for the sum of $2,500.00.

Her pleadings were traversed of record, the cause was transferred to equity and upon a trial the chancellor reformed the deed to conform with the appellee's contention as to the correct description and awarded him judgment for the $250.00 with interest and costs, to reverse which this appeal is prosecuted.

As the parties agree that the thirty acre tract is not correctly described and that the deed must be reformed insofar as this tract is concerned but disagree as to its proper description, the first question for decision is how this tract shall be described to conform to the intention of the parties when the trade was consummated by the execution and delivery of the deed, as that is as far as the reformation can go. Appellee contends that this must be done by going back in the chain of title to a deed executed in 1874 to appellant's remote grantor, Lucy St. John, by the master commissioner and referred to in the deed from appellant to appellee, in which he claims the land sold is correctly described. Appellant, on the other hand, contends that even that deed does not accurately describe all of the land which she in fact acquired thereunder and sold to appellee.

The difference arises in this way. The land is described in the St. John deed as "twenty-six acres off of the N. side of the N. W. quarter of section 25, township

1, range 4 E, . . . beginning at a post oak stump, the N. W. corner of said section; thence N. 83½ E. 160 poles to a stake; thence S. 6½ E. 26 poles to a stake; thence S. 83½ W. 160 poles to a stake; thence N. 7 W. 26 poles to the beginning." This tract is described in the same way in the deed which Lucy St. John executed to A. K. Smotherman in 1882, but in the several subsequent deeds it is incorrectly described substantially as in appellant's deed to appellee, viz.: "Thirty acres off the *south east* quarter of section 24, township 1, range 4 E., beginning at the north west corner *of a ten acre tract sold by W. E. Suter to A. B. Alexander, being off of the south side of the above named quarter*; for further description see lot No. 6 assigned to Lucy St. John by commissioner; see deed book No. 24, page 173, in Calloway county clerk's office." This description doesn't cover any part of the tract of land intended to be conveyed by any of these deeds, but places it in the southeast quarter of section 24, rather than the northwest quarter of section 25, where everybody agrees it lies. Nor does the reference to the Lucy St. John deed help much, since the lot No. 6 conveyed to her thereby and referred to contains 121 acres, made up of three separately described tracts containing respectively 55 acres, 40 acres and 26 acres, although the latter tract is evidently the one meant. This is true because all of the deeds conveying this tract since 1882 have stated that it contained thirty acres; and each party holding thereunder has claimed, and the parties owning the adjoining land have recognized, the true lines to be as appellant now claims and not as they would be if surveyed strictly according to the courses and distances of the twenty-six acre tract described in the St. John deed, and as appellee claims must be done. Not only does the evidence prove without contradiction that appellant showed appellee the lines which she and those under whom she claims have always regarded as the true lines, and that the land within those lines was what she actually sold and appellee bought and took possession of under his deed, but it is quite conclusively shown that the northwest quarter of section 25 is in fact about 170 poles instead of 160 poles wide, due to an error in its original location, and that this tract is in fact about 27 poles in width instead of 26 as stated in the St. John deed. That the western line of the quarter section is located where appellant claims is admitted and that the eastern line thereof is also where she claims is shown by a white oak

which everyone recognizes as being in that line and with which not only appellant's land but the lands adjoining it conform. That the north and south lines are located as claimed by appellant is conclusively established since the former is not in dispute and the latter is marked for most of its length by a fence that has been recognized as her line for more than forty years.

Manifestly, therefore, the chancellor should have reformed the deed to conform with appellant's rather than appellee's contention, since by so doing he certainly would have made it expressive of their true intention at the time it was executed and delivered, and expressive as well, it seems, of the true location of this tract of land as recognized and understood at all times by all parties.

Thus described and surveyed it contains 28 acres and 4 rods as is agreed, which makes the shortage less than ten per cent, even if the thirty acres had been sold separately, which certainly is not true.

The next question for decision, therefore, is whether the sale was by the acre or in gross, since under the settled rule of this court no recovery will be allowed for a shortage of less than ten per cent where the sale is in gross, but where it is by the acre a recovery may be had for any material shortage. Hunter v. Keightley, 184 Ky. 835.

Only H. P. Chrisman and the appellee, Ford, testified on this question. Chrisman testified positively that the sale was in bulk and not by the acre, while Ford did not even testify that he bought by the acre. He was asked by his own counsel and answered only as follows: "Q. Did you buy from the defendant a tract of land? If so, when; and did you buy same by the acre and how much were you to pay per acre for same? A. Yes; 24th of October, 1917. They told me there were forty acres in the tract and I paid $2,500.00 for the tract. Q. How much per acre did you pay for same and how much are you damaged by reason of the shortage in same? A. I paid at the rate of $62.50 per acre, being short four acres, which would be $250.00 with interest."

While it is true, of course, that he paid at the rate of $62.50 per acre as he states whether he bought by the acre or in gross, it will be noticed that when asked, "Did you buy same by the acre?" he replied, "I paid $2,500.00 for the tract."

It is therefore clear that the sale was in gross and not by the acre.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.