**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0351n.06
Filed: June 18, 2008

No. 06-6060

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| IN RE: KENTUCY PROCESSING COMPANY | **)** | |
| | **)** | |
| | **)** | |
| **Debtor.** | **)** | **ON APPEAL** FROM THE UNITED |
| | **)** | STATES DISTRICT COURT FOR THE |
| DLX, INC. | **)** | EASTERN DISTRICT OF KENTUCKY |
| | **)** | |
| **Appellee,** | **)** | |
| | **)** | **O P I N I O N** |
| v. | **)** | |
| | **)** | |
| FOX TROT PROPERTIES, LLC, | | |
| | | |
| **Appellant.** | | |

BEFORE:    **MOORE and CLAY, Circuit Judges; SCHWARZER,[*] District Judge**.

**WILLIAM W SCHWARZER, District Judge.**  This is an appeal from a judgment of the

district court affirming a judgment of the bankruptcy court.  We have jurisdiction of an appeal from

a final order of the bankruptcy court under 28 U.S.C. §158(d)(1).

## I.  BACKGROUND

The controversy arises out of a series of somewhat convoluted real estate transactions.  In

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern
District of California, sitting by designation.

1993, the South-East Coal Company ("South-East"), then in Chapter 11 bankruptcy proceedings, sold its real property in Estill County, Kentucky, to the plaintiff, DLX, Inc. It is undisputed that among the properties South-East intended to sell to DLX, and that DLX intended to purchase, was the so-called Pre-Law Refuse Pile Tract ("RPT"), the bone of contention in this litigation.[1] South-East delivered a deed to DLX conveying its real properties to DLX, but the deed inadvertently did not include portions of the RPT.

In 1994, DLX leased the properties it had purchased from South-East to Kentucky Processing Company ("Old KPC"), a Kentucky general partnership. The property leased was outlined in orange on an exhibit attached to the lease and did not include all of the RPT. Paragraph 24 of the lease contained an option to purchase properties identified by highlighting in yellow on an attached Asset Register. The properties highlighted in yellow included the entire RPT.

In a deed dated August 4, 1994, DLX conveyed real property located in Estill County to Old KPC. DLX delivered a deed to the properties containing the same description of the properties as used in the 1993 deed from South-East to DLX. This August 4, 1994 deed therefore omitted the same portions of the RPT that had been omitted from the 1993 deed. The August 4, 1994 deed was later superseded by a deed of correction, dated October 18, 1994, which only corrected the name of the grantee. Neither the August nor the October deed included the entire RPT. On August 17, 1994, nearly two weeks after the delivery of the August 4 deed, Old KPC sent DLX a "Notice of Election

_____

[1] The pre-law refuse pile tract is a large pond, located on several parcels of land, that was formerly used in the processing of coal for separating coal (which floated) from rock and impurities (which sank). When Kentucky's environmental laws and regulations prohibited draining the pond, it was an environmental liability. With the enactment of what DLX describes as "new alternative fuel regulations," however, apparently sometime after 1994, its use again became profitable. Br. of Pl.-Appellee, 15-16.

of Option to Purchase" all of the optioned properties under the lease. Aside from the August 4, 1994 deed and the October 18, 1994 deed of correction, no other deeds were delivered or requested.

In 1998, Old KPC was succeeded by a Kentucky corporation, also called the Kentucky Processing Company ("New KPC"), and New KPC filed for Chapter 11 bankruptcy relief. In 2001, when DLX learned that the RPT would be offered for sale at auction in New KPC's bankruptcy proceedings, it undertook a survey and learned for the first time that the description in its 1993 deed from South-East did not include all of the RPT. Because the 1994 deeds to Old KPC contained the same property descriptions as the 1993 deed, those deeds also did not include all of the RPT. At the auction, the bidders were advised of the dispute and that only property actually owned by New KPC was being sold. Defendant Fox Trot Properties, LLC ("Fox Trot") successfully bid on New KPC's property.

DLX then filed this adversary action against Fox Trot to resolve a dispute over the ownership of the RPT. DLX sought reformation of the 1994 deeds to show that the entire RPT was excluded from the conveyance and to reserve a right of way giving it access to the RPT; it contended that it retained title to the RPT because DLX and Old KPC had not intended to include the RPT in the 1994 conveyance. Fox Trot also sought reformation, contending that the parties had intended to include the RPT in the 1994 deeds and that it had title to the RPT by virtue of its purchase of New KPC's assets. The bankruptcy court, on November 27, 2002, entered an agreed order determining that the 1993 deed from South-East to DLX erroneously excluded portions of the RPT due to a mutual mistake of the parties. The court authorized the recording of a deed of correction so that the 1993 deed would include all of the RPT, thus confirming DLX's title to the entire RPT. The bankruptcy court's order identified the central issue in the proceeding to be whether the transfer of DLX's

3

property under the 1994 deeds included the RPT.

Following a trial, the bankruptcy court held that the evidence supporting Fox Trot's claim that DLX intended to transfer and Old KPC intended to purchase the RPT was not clear and convincing. The court further found that the evidence established that through mutual mistake by DLX and Old KPC, parts of the RPT were inadvertently conveyed to Old KPC in the 1994 deeds; it found that DLX was therefore entitled to have the deeds reformed to exclude the entire RPT and to reserve for DLX a right of way to access the RPT.

The district court affirmed.

## II. ANALYSIS

We review the bankruptcy court's findings of fact for clear error, *Kennedy v. Mustaine (In re Kennedy)*, 249 F.3d 576, 579 (6th Cir 2001), and its conclusions of law <u>de novo</u>. *WesBanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997).

The nub of the dispute is over whether the 1994 deeds from DLX to Old KPC included the entire RPT. Fox Trot on this appeal advances two contentions. First, it argues that the bankruptcy court erred when it ordered the deeds from DLX to Old KPC reformed to exclude the RPT in its entirety from the property conveyed by DLX to Old KPC. This argument is directed at DLX's claim for reformation of the deeds. Second, Fox Trot argues that Old KPC's written notice that it was exercising the option reflected its intent to purchase the RPT. This argument is directed at Fox Trot's claim for reformation of the deeds to include the RPT.

**A.      DLX's Claim for Reformation: the Finding of a Mutual Mistake Regarding the Parties' Intent to Exclude the RPT is not Clearly Erroneous**

4

Fox Trot argues that DLX failed to show that there was a mutual mistake regarding the contents of the 1994 deeds, and that the bankruptcy court erred in finding that the parties intended to exclude the RPT from the conveyance. The bankruptcy court held that Fox Trot's evidence that DLX intended to transfer the RPT and Old KPC intended to purchase it was "not of such quantity and quality to rise to the level of being clear and convincing." Joint Appendix 39 (May 14, 2005, Mem. Order, at 26). The court found that the RPT was not within the orange boundary on the map describing the property to be acquired by Old KPC, that it was not permitted and had not been used for several years, and that there was no evidence that Old KPC intended to permit and use the RPT. Indeed, the RPT was considered a liability and there was no evidence that Old KPC viewed it as having value. These findings are not challenged by Fox Trot and are not clearly erroneous. And there is no evidence suggesting that DLX intended to transfer the RPT to Old KPC. Thus, the court reasonably concluded that the inclusion of portions of the RPT in the 1994 deeds was a mutual mistake warranting reformation of those deeds. *See, e.g., Karrick v. Wells*, 307 S.W.2d 929 (Ky Ct. App. 1957) (deed containing erroneous description of property conveyed was reformed to conform to intention of parties at time of transaction); *Chrissman v. Ford*, 237 S.W. 22 (Ky. Ct. App. 1922) (deed that incorrectly described property conveyed was reformed to conform to intention of parties at time of transaction).

**B.     Fox Trot's Claim for Reformation: the Finding of a Lack of Clear and Convincing Evidence of a Mutual Mistake Regarding the Parties' Intent to Include the RPT is not Clearly Erroneous**

Fox Trot further argues that the Notice of Election specifically provided that Old KPC intended to purchase the property highlighted in yellow on the Asset Register attached to the lease, which included the entire RPT, and that the bankruptcy court erred when it found the parties

5

intended to exclude the RPT from the conveyance. The Notice of Election, however, was not given until August 17, nearly two weeks after the delivery of the August 4 deed. The bankruptcy court found that at the time the notice was given, Old KPC and its attorneys were aware that most of the property highlighted in yellow had been transferred to others. Moreover, Old KPC never demanded a deed to the RPT. Finally, as noted above, other evidence supports the conclusion that Old KPC did not intend to acquire the RPT. Thus the court's finding that the parties did not intend to convey the RPT in the 1994 deeds was not clearly erroneous.

We therefore affirm the bankruptcy court's judgment granting the relief requested by DLX and denying relief to Fox Trot.

### III.  CONCLUSION

For the foregoing reasons, the judgment is **AFFIRMED**.